UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PAULINE ROCKE,

               *Plaintiff,*

– against –

USA; ACS; PSAI; JEFFERY KESSOL & TINA WILLIAM,

               *Defendants.*

**MEMORANDUM & ORDER**
25-cv-04793 (NCM) (JRC)

**NATASHA C. MERLE**, United States District Judge:

*Pro se* plaintiff Pauline Rocke filed the above-captioned complaint. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, plaintiff's complaint is **DISMISSED**.

## BACKGROUND

Submitted on August 22, 2025, this is plaintiff's fourteenth action[1] in this Court making the same or similar allegations. None of her prior submissions have provided a viable federal claim, nor have they lent clarity to the basis or bases for her claims. Like all her prior submissions, the instant complaint, to the extent it is comprehensible,

---

[1] *Rocke v. Hettleman et al*, 24-cv-05874 (NCM) ("*Rocke I*"); *Rocke v. Hettleman et al*, 24-cv-05961 (NCM) ("*Rocke II*"); *Rocke v. Turbow*, 24-cv-06041 (NCM) ("*Rocke III*"); *Rocke v. USA et al*, 25-cv-00040 (NCM) ("*Rocke IV*"); *Rocke v. Coney Island Hospital EMT et al*, 25-cv-00627 (NCM) ("*Rocke V*"); *Rocke v. PSAI ACS et al,* 25-cv-00628 (NCM) ("*Rocke VI*"); *Rocke v. Coney Island Hospital et al*, 25-cv-00983 (NCM) ("*Rocke VII*"); *Rocke v. Rodricus et al*, 25-cv-00986 (NCM) ("*Rocke VIII*"); *Rocke v. ACS et al*, 25-cv-02529 (NCM) ("*Rocke IX*"); *Rocke v. Hettleman et al*, 25-cv-02619 (NCM) ("*Rocke X*"); *Rocke v. Coney Island Hospital et al*, 25-cv-02622 (NCM) ("*Rocke XI*"); *Rocke v. Sacco et al*, 25-cv-02929 (NCM) ("*Rocke XII*"); *Rocke v. ACS et al*, 25-cv-04542 (NCM) ("*Rocke XIII*").

1

seemingly concerns her attempt to regain the custody of her children and her mental health care. Compl. 4–7. Although the instant complaint does contain mentions of her children and the Administration for Children's Services ("ACS"), it primarily consists of incomprehensible phrases such as "want to stop the scary narcissist apocalypse Humilliate Implict Tactics want To leave it hard keep wire fraud not start a Glory war To wire fraud and mail fraud," "modern antisemitism Holocaust of Denial or DisTortion and Glory War symbol of Hate and antisemitism of HIV force me To got away with wire fraud entrapp," and "Bias in media and Pubic Perception and liabillty for attorney action Representation of Corporation." Compl. 4–6.[2]

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While all factual allegations contained in the complaint are assumed to be true, this presumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Nonetheless, when the Court reviews a pro se complaint it must hold it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

---

[2]    The Court quotes all of plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

[3]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

2

U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a pro se complaint liberally").

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of her claim against each named defendant so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000). "[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019). A court is empowered to dismiss a complaint on its own initiative where the complaint does not comply with Rule 8. *Id*.

Moreover, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The Court must dismiss plaintiff's complaint in its entirety because, even construed liberally, it fails to meet Rule 8's minimal pleading requirements. Specifically, plaintiff fails to provide a "short and plain" statement of her claims against each named defendant so that each defendant has a "fair understanding of what the plaintiff is

3

complaining about and to know whether there is a legal basis for recovery." *Harnage*, 916 F.3d at 141. As with her prior actions, plaintiff appears to seek relief from individuals and entities who were involved in her healthcare and the removal of her children from her custody, but her complaint does not suggest a basis for relief or whether such relief is within this Court's power to consider. Thus, even liberally construing the complaint in plaintiff's favor, plaintiff's allegations fail to state a claim for relief. See *Hall v. N.Y.C. Hous. Dep't*, No. 22-cv-06692, 2022 WL 17253530, at *2 (E.D.N.Y. Nov. 28, 2022) (dismissing pro se complaint where the court was "unable to determine exactly what claims [p]laintiff [was] attempting to allege"). Plaintiff's complaint is therefore dismissed.

The Court has considered and declines to afford plaintiff an opportunity to amend this complaint. Given plaintiff's litigation history and the complaint's defects, it is unlikely that plaintiff can cure the defects by amendment. Thus, the Court concludes that granting plaintiff leave to amend would be futile. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) ("[A] district court may deny leave to amend the complaint if the amendment would be futile."). Furthermore, as stated above, plaintiff has filed thirteen other complaints in this Court in the past year, in which she similarly seems to allege wrongful conduct as to her healthcare and the removal of a child or children. And though plaintiff's complaints contain various defendants, given that at this stage it appears all her claims concern the same underlying facts, it would likely be a waste of resources for plaintiff to amend this action. It is important that the Court and defendants not be required to expend resources on patently frivolous litigation. *See Gonzales v. Wright*, 06-cv-01424, 2010 WL 681323, at *12 (N.D.N.Y. Feb. 23, 2010) (noting that courts in the Second Circuit have consistently recognized that "it is utterly unjust to haul people into federal court to defend against, and disprove, delusions") (collecting cases).

## CONCLUSION

For the reasons stated above, the action is dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and for the failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, the Court warns plaintiff that it will not tolerate frivolous litigation. Should she continue to file frivolous actions, she will be ordered to show cause why she should not be barred from filing future *in forma pauperis* actions in this Court without first obtaining leave of the Court to do so. 28 U.S.C. § 1651; *see, e.g.*, *In re Martin-Trigona*, 9 F.3d 226, 227–29 (2d Cir. 1993); *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005); *see also Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) (noting that a district court has the authority to issue a filing injunction when "a plaintiff abuses the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive proceedings").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close this case, mail a copy of this Order to plaintiff, and to note the mailing on the docket.

**SO ORDERED.**

    */s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated:    September 19, 2025
           Brooklyn, New York

5